UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT A. HURST,

    Plaintiff,

v.                             Case No: 2:15-cv-4-FtM-29CM

SETERUS, INC. and BUTLER &
HOSCH, P.A.,

    Defendants.

## ORDER

This matter comes before the Court on plaintiff's Motion for Attorneys' Fees and Costs (Doc. #24) filed on March 31, 2015, against Butler & Hosch, P.A. only and pursuant to the Court's March 18, 2015 Order (Doc. #21). Defendant Butler & Hosch, P.A. filed a Response (Doc. #30) on April 24, 2015.

The Verified Complaint (Doc. #2) was originally filed in the Twentieth Judicial Circuit Court and removed by Seterus, Inc. on January 7, 2015, based on the federal question presented under the Fair Debt Collection Practices Act (FDCPA). Counts I through III of the Complaint are not at issue in this case as they pertain to Seterus, Inc. only. As to the remaining counts, plaintiff alleged violations by Butler & Hosch, P.A. under the Florida Consumer Collection Practices Act (Counts IV and V), and the FDCPA (Counts VI through XI). Defendant offered a settlement, without admission of liability, which was accepted, and the Court directed the entry

of Judgment in favor plaintiff with reasonable attorney's fees and costs to be determined.  (Docs. ## 20, 21.)

Along with damages, the FDCPA also permits "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).  Defendant does not object to plaintiff's entitlement to reasonable fees but does object to the requested amount.  Plaintiff seeks $3,100 for 12.4 hours expended by Joseph C. LoTempio at a rate of $250.00 per hour; $280.00 for 0.8 hours expended by David W. Fineman at a rate of $350.00 per hour; $110.00 for 1.1 hours at a rate of $100 per hour for a paralegal and legal assistant's time; $530.00 in costs; and $100 for expert fees in rendering an opinion regarding the reasonableness of fees for a total of $4,120.00.  In support of the request, plaintiff filed three Declarations.

In determining the reasonable amount of hours, the Court may conduct an hour-by-hour analysis or it may reduce the requested hours across the board, Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008), and the Court must eliminate excessive, unnecessary, and redundant hours, Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988). "Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight." Norman, at 1301 (citing Hensley v. Eckerhart, 461 U.S.

424, 434 (1983)).  When multiple attorneys are involved, the Court must consider whether they are being compensated for their distinct contributions or whether there is duplication.  <u>Johnson v. University Coll. of Univ. of Ala.</u>, 706 F.2d 1205, 1208 (11th Cir. 1983).

**Joseph C. LoTempio**

The Declaration of Joseph C. LoTempio (Doc. #25) provides that counsel was admitted to The Florida Bar in 2010, and the Middle District of Florida in 2012.  Mr. LoTempio started working on consumer protection cases in 2012, and pre-litigation for this case began in mid-2014.  As noted by defendant, Mr. LoTempio provides no statement as to his customary hourly rate or if plaintiff was charged at this rate.  As a result, the Court finds that plaintiff has failed to demonstrate that $250.00 an hour is a reasonable rate.

The attached billing records (Doc. #25-1, Exh. A) reflect hours for staff members and each attorney who worked on the case, however no detail or inadequate detail is provided for most of the entries.  For example, attorney Joseph LoTempio spent 2.5 hours on November 18, 2014, and 0.5 hours on December 5, 2014, on the preparation of a "Generic_Court_Document"; and 0.1 hours each for composing emails to an unknown recipient regarding "Seterus Loan No. 25501789" that may or may not have directly related to defendant Butler & Hosch, P.A. specifically.  Indeed, several

entries specify correspondence to defendant Seterus, Inc. in October 2014. Many, if not most of the hours, are vague and unsupported, and the Court is inclined to deny the request in its entirety for this reason. Instead, the Court will apply a 30% reduction across the board to Mr. LoTempio's request of $3,100.00 and allow a total of $2,170.00.

**David W. Fineman**

The Declaration of David W. Fineman (Doc. #26) provides that he was admitted to The Florida Bar and the Middle District of Florida in 2007, and focuses his practice on consumer protection cases, foreclosure, and bankruptcy. Mr. Fineman expended 0.8 hours at a rate of $350.00 an hour, and states that he exercised billing judgment in preparing his time records. The attached billing records (Doc. #26-1, Exh. A) reflect the following:

| Reviewing draft complaint/ document review | 12/05/2014 | 0.5 hours |
|---|---|---|
| Compose e-mail | 12/26/2014 | 0.1 hours |
| Compose e-mail | 12/31/2014 | 0.1 hours |
| Compose e-mail | 12/31/2014 | 0.1 hours |

As with Mr. LoTempio, Mr. Fineman's hours also fail to provide sufficient detail. The Court cannot determine the subject-matter of the e-mails or the recipient. The Court will permit the 0.5 hours for reviewing the draft complaint only, as it is not uncommon for a more senior attorney to review a draft complaint. Further, the Court finds that review of the draft complaint does not necessarily mean that the hours were duplicative. The Court finds

that the hourly rate of $350.00 an hour is not substantiated, but Mr. Fineman's experience will support $300.00 an hour for 0.5 hours of work for a total of $150.00. The remaining hours will be denied.

**Paralegal, Assistant, and Expert**

Plaintiff also seeks $110.00 for 1.1 hours at a rate of $100.00 an hour for Alaina Winfield, a legal assistant, and Kathy Michie, a paralegal. No documentation was provided in support of their individual experience or their hourly rates. The legal assistant composed an e-mail, possibly to the client, and prepared an unidentified document on December 6, 2014, and February 17, 2015, respectively. The 0.2 hours for Ms. Winfield will be denied as no support is provided as to whether these hours were clerical in nature or actual legal work. The additional 0.70 hours are likewise vague with regard to e-mails, however the Court will permit 0.2 hours for reviewing the notice of pendency and the answer and affirmative defenses as these are matters that could otherwise be billable by counsel. Without support for the hourly rate, the Court will allow the 0.2 hours at a reduced rate of $75.00 an hour for a total of $15.00.

The paralegal addressed a phone call regarding the co-defendant on August 18, 2014, and composed an e-mail on December 31, 2014. Neither of these entries will be permitted.

Plaintiff seeks $100.00 for the services of attorney John C. Webb, who submitted a Declaration (Doc. #27) in support of the reasonableness of the rates in the community, and the hours expended. Although the Declaration is somewhat relevant to the request for attorney's fees, the Court does not find that compensation for "expert" services is appropriate as part of reasonable attorney's fees, or as a taxable cost. The request will be denied.

**Costs**

Plaintiff seeks a total of $530.00 in costs. "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. . . . Fed. R. Civ. P. 54(d)(1). Filing and docket fees, as well as fees for service of process are taxable costs. See 28 U.S.C. § 1920. The Court will allow $420.00 for the cost of filing in state court, prior to removal, and the issuance of summonses. The Court will also allow the $45.00 for service of process on defendant Butler & Hosch, P.A. for a total of $465.00. The Court will not permit $65.00 for service on defendant Seterus, Inc.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Attorneys' Fees and Costs (Doc. #24) is **GRANTED in part and DENIED in part.**

2. The Clerk shall enter judgment in favor of plaintiff and against defendant Butler & Hosch, P.A. awarding attorney and paralegal fees in the amount of $2,335.00, and costs in the amount of $465.00.

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of June, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record